UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| LESTER THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>DAKOTA SOUTHERN RAILWAY COMPANY,<br><br>Defendant. | 3:17-CV-03028-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

On August 28, 2019, Defendant Dakota Southern Railway Company (Dakota Southern) filed a Motion for Summary Judgment with an accompanying Memorandum in Support and a Statement of Undisputed Material Facts in accordance with the District of South Dakota's Civil Local Rule 56.1.A. Docs. 33–35. As of October 10, 2019, Plaintiff Lester Thompson (Thompson) had filed neither a response to Dakota Southern's motion nor a statement of material facts identifying a genuine material issue to be tried as required by this Court's Civil Local Rule 56.1.B. On that date this Court entered an order directing Thompson to file a response brief and statement of material facts within fourteen days. Doc. 38. Thompson has not done so. Therefore, this Court considers Dakota Southern's motion, and for the reasons discussed below grants its motion for summary judgment.

Because Thompson did not submit a response to Dakota Southern's filings, "[a]ll material facts set forth in [Dakota Southern's] statement of material facts [are] deemed to be admitted," under this Court's Civil Local Rule 56.1.D, and the following facts are therefore undisputed.

Thompson filed this action under the Federal Employers' Liability Act (FELA) as a result of injuries he allegedly sustained while working as the general manager of Dakota Southern between 2011 and 2015. Doc. 1; Doc. 35 at ¶ 1–2, 6. Thompson alleges four causes of action arising from negligence of Dakota Southern, claiming Dakota Southern failed to provide employees with adequate training, supervision, assistance, and help in performing job duties and claiming strict liability for failing to comply with certain statutory provisions. Doc. 1; Doc. 35 at ¶ 3–4. Thompson asserts that he developed problems with his back, wrist, hip, leg, and sciatic region as well as suffered emotional distress as a result of Dakota Southern's actions or inactions. Doc. 1; Doc. 35 at ¶ 5.

Dakota Southern answered Thompson's complaint with a general denial of liability for negligence or strict liability. Doc. 12; Doc. 35 at ¶ 19. This Court entered a scheduling order and four amended scheduling orders, with the last such order requiring that the identity and reports of experts retained under Rule 26(a)(2) be disclosed by June 10, 2019. Docs. 15, 17, 20, 22, 26; Doc. 35 at ¶ 20–21. Thompson did not meet this deadline, and Dakota Southern filed a motion for summary judgment on August 28, 2019, claiming that without such expert evidence, Thompson cannot make out a prima facie case under FELA. Docs. 33–34. Thompson did not respond to this motion within the twenty-one-day time limit, nor did he file a statement of material facts. See D.S.D. Civ. LR 7.1, 56.1.B. Because Thompson's attorney withdrew in January of 2019 and Thompson is now proceeding pro se, this Court gave him another opportunity to file these documents. Doc. 38. In that Order Requiring Response, this Court alerted Thompson that "[t]his Court could grant both motions [the motion to stay discovery and motion for summary judgment] as being unopposed, but the consequences of granting summary judgment are of course grave for

[Thompson's] claims." Doc. 38. Despite that warning, Thompson has still not opposed Dakota Southern's motion within the additional time allowed for him to do so.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(c) explains how a nonmoving party may establish the existence of a genuine dispute in order to survive a motion for summary judgment. Fed. R. Civ. P. 65(c). "If a party fails… to properly address another party's assertion of fact as required by Rule 56(c), the court may… grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

FELA creates a cause of action in negligence for employees of common carriers by railroad to seek damages from their employers. 45 U.S.C. § 51. As a negligence claim, FELA plaintiffs must establish the four common law elements of negligence to succeed; they must prove duty, breach, foreseeability, and causation. Madden v. Anton Antonov § AV Transp. Inc., 156 F. Supp. 3d 1011, 1017 (D. Neb. 2015). "However, the Court applies a relaxed standard of causation under FELA." Id.

By its terms, FELA creates a negligence cause of action; it is not a strict liability statute. Kukowski v. Soo Line R.R. Co., 2018 WL 384235 at *5 (D. Minn. Feb. 12, 2018). A plaintiff may however use a statutory violation to establish that a railroad has breached a duty as a matter of law, but the plaintiff in that instance still must show the necessary causation element. Id.

FELA cases often require expert evidence to establish the causal link between the alleged incidents and the resulting physical or mental injury, "'unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.'" Brooks v. Union

Pacific R. Co., 620 F.3d 896, 899 (8th Cir. 2010) (quoting Moody v. Maine Cent. R.R. Co., 823 F.2d 693, 695 (1st Cir. 1987)). When the type of injury a plaintiff suffers lacks an obvious origin, expert testimony is required to establish causation, even under the relaxed FELA standard. Id.

Thompson's FELA claims involve alleged injuries to his back, wrist, shoulder, hip, leg and sciatic region as well as emotional distress, resulting from both recurring and isolated work activities. Doc. 1. However, he has provided no evidence beyond the allegations contained in his complaint that those injuries were directly and proximately caused by the action or inaction of Dakota Southern, and it is well-settled that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The time for disclosing the identity and reports of expert witnesses has passed. The types of injuries that Thompson alleges and their connection to his employment with Dakota Southern are not so obvious to laymen that expert testimony is unnecessary. See Brooks, 620 F.3d at 899; Moody, 823 F.2d at 695. Therefore, because Thompson has failed to identify an expert who may testify to establish the causation element of a negligence claim, he cannot establish a prima facia case for negligence, and Dakota Southern is entitled to judgment as a matter of law.

For good cause, it is hereby

ORDERED that Defendant's motion for summary judgment is granted.

DATED this 28th day of October, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE